UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON LOWE,

                Plaintiff,

v.                                Case No.   2:04-cv-610-FtM-33DNF

ENTCOM, INC., and TBLM, INC., d/b/a
THE BOTTOM LINE, MARK STUART
GRUNBERG, JOHN AND JANE DOES, said
fictitious names being intended to
designate employees and/or servants,
vicariously, of the first named
defendants,

                Defendants,

_____/

## ORDER

This matter comes before the Court pursuant to the Motion to Dismiss Complaint (Doc. #11), filed by Defendant, Mark Stuart Grunberg, and the Motion to Dismiss Complaint (Doc. #13), filed by Defendants, ENTCOM, Inc., and TBLM, Incorporated. Plaintiff, Jason Lowe, filed a response in opposition to the motions. (Doc. #15.) For the reasons stated herein, Grunberg's Motion to Dismiss (Doc. #11) is GRANTED and ENTCOM and TBLM's Motion to Dismiss (Doc. #13) is GRANTED IN PART AND DENIED IN PART.

### I.   STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140

F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>75 Acres, LLC v. Miami-Dade County, Fla.</u>, (11th Cir. 2003)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." <u>Conley</u>, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement needs to be sufficient enough to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003)(quoting <u>Conley</u>, 355 U.S. at 47). Thus, the issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## II. <u>BACKGROUND</u>

The Complaint (Doc. #1) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding these motions.

The Bottom Line is an entertainment club/restaurant "owned, operated, possessed, maintained and/or controlled" by ENTCOM and TBLM. (Doc. #1 at ¶11.) Grunberg is an owner or operator in control of The Bottom Line and supervised Defendants, John and Jane Does, who were employed by ENTCOM and TBLM on December 20, 2000. (Doc. #1 at ¶¶8-9.) ENTCOM and TBLM, through their employees, agents, servants, and representatives, had a duty to provide security services at The Bottom Line. (Doc. #1 at ¶12.)

While lawfully on the premises of The Bottom Line on or about December 20, 2000, Lowe was assaulted with excessive use of force by the establishment's security personnel. (Doc. #1 at ¶13.) As a result of this incident, Lowe sustained a number of serious injuries including a head injury, lacerations, bruises and contusions, closed head trauma, soft-tissue injuries, and a severe shock to his nerves and nervous system. (Doc. #1 at ¶¶16 and 21.) Lowe has had to expend various sums of money to alleviate and cure these injuries and has suffered a loss of earnings and an impairment of earning capacity. (Doc. #1 at ¶¶17 and 19.)

Lowe submits that the incident was a result of recklessness, carelessness, gross negligence, and intentional acts of the Defendants by and through their employees, agents, servants, and representatives. (Doc. #1 at ¶14.) Defendants hired and retained security personnel who were not competent as such, failed to properly train such personnel, permitted such personnel to provide

security when Defendants knew or should have known of the danger in doing so, and failed to warn Lowe of the dangerous condition created by these acts. (Doc. #1 at ¶14.)

III. DISCUSSION

This action is before the Court on diversity jurisdiction and there are no federal constitutional or statutory issues to be resolved. Therefore, Florida law will be applied. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

ENTCOM, TBLM, and Grunberg move to dismiss Counts I (Negligence) and II (Negligent Hiring and Retention) of the complaint contending that Lowe has failed to state a claim upon which relief may be granted. (Docs. #11 and 13.) Lowe argues that he has properly stated a cause of action for the claims. (Doc. #15.)

A. Count I - Negligence

To state a claim under Florida law for negligence, Lowe must allege that, "(1) Defendant[s] owed him a legal duty; (2) Defendant[s] breached that duty; (3) he suffered injury as a result of the breach; and (4) the injury caused damage." Kayfetz v. A.M. Best Roofing, Inc., 832 So.2d 784, 786 (Fla. 3d DCA 2002)(citing Jackson v. Sweat, 783 So.2d 1207 (Fla. 1st DCA 2001)).

### ENTCOM and TBLM

In Count I of the complaint, Lowe alleges ENTCOM and TBLM had a duty to provide security services at The Bottom Line and that, while lawfully at the premises on or about December 20, 2000, he was assaulted by the security personnel of the corporate Defendants. (Doc. #1 at ¶¶12-13.) Lowe submits that the Defendants were negligent by failing to adequately train the security personnel, permitting such personnel to provide security when the danger of doing so was known or should have been known, failing to warn him of the dangerous condition, and failing to regard his rights, safety, and position. (Doc. #1 at ¶14(c)-(h).) Lowe has also pled that, as a result of the incident, he received serious and permanent injuries and has suffered damages. (Doc. #1 at ¶¶16-19.)

ENTCOM and TBLM argue that an employer faces liability for negligence because of an employee's wrongful conduct only when the employer knows or should know that an employee is predisposed to the wrongful conduct. (Doc. #14 at 2.) Thus, they contend that Count I fails to state a claim for negligence because Lowe has not pled that "either ENTCOM or TBLM knew or should have known of their employees' predisposition to commit battery on patrons." (Doc. #13 at ¶1; Doc. #14 at 1-2.) While this argument is appropriate in the context of a claim for negligent hiring, it is not applicable where, as here, there is a claim for negligence

pursuant to the doctrine of respondeat superior. <u>Island City Flying Serv. v. Gen. Elec. Credit Corp.</u>, 585 So.2d 274, 276 (Fla. 1991)(claim for negligent hiring or retention is independent of the doctrine of respondeat superior).

> [A]n employer is liable in damages for the wrongful act of his employee that causes injury to another person, "if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, . . . unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer."

<u>Gowan v. Bay County</u>, 744 So.2d 1136, 1138 (Fla. 1st DCA 1999)(quoting <u>Stinson v. Prevatt</u>, 94 So. 656, 657 (1922)); <u>see also</u> <u>Tallahassee Furniture Co., Inc., v. Harrison</u>, 583 So.2d 744, 758 (Fla. 1st DCA 1991). Lowe alleges that the Defendants' employees were acting, at all times relevant hereto, within the course, scope, and authority of their employment. (Doc. #1 at ¶¶4-5 and 12.)

Therefore, Lowe has adequately stated a cause of action for negligence against ENTCOM and TBLM.

### Grunberg

Grunberg argues that Count I is deficient as to him because it fails to allege that he owed any legal duty to Lowe or that he was the employer of the John and Jane Doe security personnel. (Doc. #11 at ¶1; Doc. #12 at 1-2.)

"The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence

may lie." Jenkins v. W.L. Roberts, Inc., 851 So.2d 781, 783 (Fla. 1st DCA 2003)(citing McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992)). The Complaint alleges that it was the duty of ENTCOM and TBLM, by and through their employees, agents, servants, and/or representatives to provide security services at The Bottom Line on or about December 20, 2000. (Doc. #1 at ¶12.) The Complaint fails to similarly allege that Grunberg owed any duty to Lowe.

Therefore, Lowe has failed to state a claim upon which relief may be granted for negligence as to Grunberg.

### B. Count II - Negligent Hiring and Retention

Florida law recognizes causes of action for both negligent hiring and negligent supervision or retention. Malicki v. Doe, 814 So.2d 347, 361-62 (Fla. 2002).

#### Negligent Hiring

To state a cause of action for negligent hiring, Lowe must allege that:

> (1) the employer was required to make an appropriate investigation of the employees and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

Malicki, 814 So.2d at 362 (quoting Garcia v. Duffy, 492 So.2d 435, 440 (Fla. 2d DCA 1986)).

While Lowe asserts that the Defendant employers hired or otherwise engaged security personnel who were not competent to act as such, he does not allege that ENTCOM, TBLM, or Grunberg failed to make any required pre-employment investigations, that such investigation would have revealed the unsuitability of the employees, or that it was unreasonable to hire the security personnel in light of information they knew or should have known. Therefore, Lowe has failed to state a claim upon which relief may be granted for negligent hiring.

### Negligent Retention

"Negligent retention and supervision occurs when, during the course of employment, the employer becomes aware, or should have become aware, of problems with an employee that indicates his unfitness, and the employer fails to take further action such as investigation, discharge, or reassignment." Grice v. Air Prods. & Chems., Inc., No. 3:98cv205/RV, 2000 U.S. Dist. LEXIS 5621, at *41-42 (N.D. Fla. Feb. 17, 2000); Malicki, 814 So.2d at 362 n.15.

Lowe does not allege that ENTCOM, TBLM, or Grunberg knew or should have known of the unfitness of the employees or that they failed to take further action against such employees after becoming aware of their unfitness. Therefore, Lowe has failed to state a claim upon which relief may be granted for negligent retention or supervision.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Motion to Dismiss Complaint (Doc. #11), filed by Mark Stuart Grunberg, is GRANTED. Counts I and II are dismissed without prejudice as to Grunberg.

2. The Motion to Dismiss Complaint (Doc. #13), filed by ENTCOM, Inc., and TBLM, Inc., is GRANTED IN PART AND DENIED IN PART as follows:

    (a) DENIED as to Count I (Negligence);

    (b) GRANTED as to Count II (Negligent Hiring and Retention). Count II is dismissed without prejudice as to ENTCOM and TBLM.

3. Lowe is granted leave to file an Amended Complaint within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 14th day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record