```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              FORT MYERS DIVISION
```

JASON LOWE,

                Plaintiff,

vs.                        Case No. 2:04-cv-610-FtM-99DNF

ENTCOM, INC., dba Bottom Line, TBLM, INC, d/b/a Botton Line, MARK STUART GRUNBERG, JOHN DOES, said fictitious names being intended to designate employees and/or servants, vicariously, of the first named defendants, JANE DOES, said fictitious names being intended to designate employees and/or servants, vicariously, of the first named defendants,

                Defendants.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on Defendant Mark Stuart Grunberg's Motion for Summary Judgment on Counts I, II, and III of the Second Amended Complaint (Doc. #74), filed on March 31, 2006. In his brief, defendant Grunberg incorporates the November 7, 2005, Motion for Summary Judgment and Memorandum of Law. Additionally, defendant Grunberg asserts that Count IV is not applicable to him. On June 17, 2006, plaintiff filed a Response indicating no opposition to granting summary judgment in favor of defendant Grunberg as to Counts I, II, and III. (Doc. #86.) Plaintiff nevertheless urges the Court to keep defendant Grunberg in the case "solely to retain jurisdiction over him to enter an order

prohibiting the transfer of the nightclub real estate until this litigation is terminated, and in the event of a judgment in favor of Plaintiff, to adjudicate the fraudulent transfer case." (Id. at 2.)

## I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of

proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

While plaintiff indicates that he does not oppose the granting of summary judgment in favor of defendant Grunberg as to Counts I, II, and III, (Doc. #86, p. 1 (confirming same statement in Doc. #59)), the Court nonetheless has conducted an independent review of the record in light of the summary judgment standard summarized above. The Court finds that the material facts are undisputed and that summary judgment is due to be entered in defendant Grunberg's favor. The Court also agrees with defendant Grunberg that Count IV does not apply to him.

Plaintiff, however, asks that the Court retain jurisdiction over defendant Grunberg, who is now the owner of the subject real property. It appears that defendant TBLM, Inc. conveyed its real property to defendant Grunberg, and this conveyance resulted in defendant TBLM's insolvency. Plaintiff is now concerned that if he should prevail, he will be unable to collect the judgment against the insolvent defendants. The ability to collect on a judgment is often a concern in litigation. However, this concern provides no

legal basis to retain Grunberg as a party in this case simply to facilitate collection of a judgment which might be obtained if the defendants who are liable are or become judgment-proof.

Accordingly, it is now

**ORDERED**:

Defendant Mark Stuart Grunberg's Motion for Summary Judgment on Counts I, II, and III of the Second Amended Complaint (Doc. #74) is **GRANTED**.  Finding no reason to delay the entry of judgment as to defendant Grunberg, the Clerk shall enter judgment in favor of defendant Mark Stuart Grunberg as to Counts I, II, and III (Count IV not applying to him) and plaintiff shall take nothing as to Mark Stuart Grunberg.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of July, 2006.

　　　　　　　　　　　　　　　　　　_John E. Steele_
　　　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　　　United States District Judge

Copies:
Counsel of record